# In the United States District Court for the Southern District of Georgia Brunswick Division

```
J.T. WATTS, A.M. WATTS, and    )
J.S. DOWDY,                    )
                               )
     Plaintiffs,               )
                               )
     v.                        )          2:22-CV-84
                               )
NIKOLAS RYAN LUEDKE,           )
STATE FARM MUTUAL AUTOMOBILE   )
INSURANCE COMPANY, and         )
USAA CASUALTY INSURANCE        )
COMPANY,                       )
                               )
     Defendants.               )
```

## ORDER

Before the Court are a motion to set aside default filed by Defendant Nikolas Luedke, dkt. no. 12, and a motion to dismiss filed by Defendant USAA Casualty Insurance Company ("USAA"), dkt. no. 6. With the benefit of briefing and oral argument, the Court **ORDERS** as follows.

Defendant Luedke's motion to set aside default, dkt. no. 12, is **GRANTED**. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "'good cause' is not susceptible to a precise formula," courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana

Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted). These factors are not "talismanic." Id. Instead, courts may also consider other factors, such as "whether the defaulting party acted promptly to correct the default." Id. Here, Luedke satisfies these factors.

First, while Luedke "could have more diligently ensured his representation in this matter," he did not enter default willfully or culpably. Slaughter v. Gramiak, No. 5:15-CV-90, 2018 WL 1937353, at *2 (S.D. Ga. Apr. 24, 2018). Instead, Luedke mistakenly believed that a friend of his, who is a lawyer but not retained in the case, had received a one-week extension on his answer deadline. Dkt. No. 12 at 5-6. Once Luedke learned that no such extension existed and he was in default, he promptly filed a motion to set aside default. Id. Second, setting aside default would not prejudice Plaintiffs because discovery has not yet begun. See Christian v. Okefenokee Charlton Tr., No. 5:19-CV-034, 2020 WL 5209537, at *2 (S.D. Ga. Sept. 1, 2020) ("[O]pening default will not prejudice the Plaintiffs. Discovery has not begun in this case. Thus, Plaintiffs will have ample opportunity, and indeed the same opportunity, to build their case against [the defendant] as they do the other Defendants in this matter."). Third, Luedke presents a potentially meritorious defense: that Plaintiffs previously agreed to release all their personal injury claims.

Dkt. No. 12 at 4; Dkt. No. 12-1 at 1–2 (documentation that Progressive Insurance Company paid Plaintiffs for the "[f]ull and [f]inal settlement of all [b]odily [i]njury [c]laims)"). If Plaintiffs have released all their personal injury claims, as Luedke's evidence suggests, they cannot bring their personal injury claims in this suit. Because Luedke satisfies the good cause factors and "[t]he Eleventh Circuit Court of Appeals has expressed 'a strong preference that cases be heard on the merits and strives to afford a litigant his or her day in court, if possible,'" Luedke shows "good cause" to set aside default. Wortham v. Brown, No. CV 214-105, 2015 WL 2152826, at *2 (S.D. Ga. May 7, 2015) (alterations accepted) (quoting Perez v. Wells Fargo N.A., 774 F.3d 1329, 1342 (11th Cir. 2014)). His motion to set aside default, dkt. no. 12, is therefore **GRANTED**.

Based on the record at this juncture in the case, Defendant USAA's motion to dismiss, dkt. no. 6, is **DENIED without prejudice**. At the hearing, both parties agreed that Florida substantive law and Georgia procedural law govern this case. See also Auld v. Forbes, 848 S.E.2d 876, 879 (Ga. 2020) (recognizing that Georgia courts follow "lex loci delicti" for tort claims); Mbatha v. Cutting, 848 S.E.2d 920, 926 (Ga. Ct. App. 2020) (recognizing that Georgia courts follow "lex loci contractus" for contract claims). The parties further agreed that Georgia considers statutes of limitations to be procedural. See Auld,

3

848 S.E.2d at 879 ("[S]tatutes of limitations are generally procedural and are therefore governed by the 'lex fori' or the law of the forum state.").

In its motion to dismiss, USAA argues that Georgia's two-year statute of limitations for tort personal injuries governs. Dkt. No. 6 at 3–5; see also O.C.G.A. § 9-3-33 (excluding loss of consortium and injuries to reputation from the two-year limitation). Plaintiffs, in turn, argue that Georgia's six-year statute of limitations for simple contracts governs. Dkt. No. 14 at 1; see also O.C.G.A. § 9-3-24. USAA responds that Plaintiffs seek only recovery for personal injuries under the complaint, so their claims are not contractual. Dkt. No. 17 at 3–6.

Florida substantive law recognizes that claims against uninsured motorist carriers such as USAA sound in contract. See Burnett v. Fireman's Fund Ins. Co., 408 So. 2d 838, 838 (Fla. Dist. Ct. App. 1982) ("The rights and obligations of the parties . . . were governed by contract law, since those rights and obligations arose out of an insurance contract. That the uninsured motorist stands in a tort relationship to appellant does not change the fact the action below arose out of an insurance contract between the parties." (citation omitted)); Lumbermens Mut. Cas. Co. v. August, 530 So. 2d 293, 295 (Fla. 1988) ("Although we recognize that an action to recover uninsured motorist benefits is not strictly an action dealing

4

with contract, but also involves some aspects of a tort action, we agree with the conclusion of the Second District Court of Appeal in Burnett[, 408 So.2d at 838,] that the rights and obligations of the parties under an insurance policy are governed by contract law since they arose out of an insurance contract." (citing Allstate Ins. Co. v. Clendening, 289 So.2d 704, 708 (Fla. 1974))). Thus, Plaintiffs argue, they assert a contract—not tort—claim against USAA.

Because more discovery as to Plaintiffs' claims is necessary at this juncture, USAA's motion to dismiss, dkt. no. 6, is **DENIED without prejudice**. USAA is granted leave to refile its motion after further discovery.

## CONCLUSION

Luedke's motion to set aside default, dkt. no. 12, is **GRANTED**, and USAA's motion to dismiss, dkt. no. 6, is **DENIED without prejudice**.

**SO ORDERED** this 13th day of March, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5