# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| J.T. WATTS, A.M. WATTS, and J.S. DOWDY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NIKOLAS RYAN LUEDKE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and USAA CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) | 2:22-CV-84 |
| Defendants. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Cross Claimant, | ) ) | |
| v. | ) ) | |
| NIKOLAS RYAN LUEDKE and USAA CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Cross Defendants. | ) ) | |
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Cross Claimant, | ) ) | |
| v. | ) ) | |
| NIKOLAS RYAN LUEDKE, | ) ) | |
| Cross Defendant. | ) | |

**ORDER**

Before the Court is Defendant Nikolas Luedke's partial motion to dismiss, which the Court construes as a motion for judgment on the pleadings. Dkt. No. 32. Plaintiffs A.M. Watts, J.T. Watts and J.S. Dowdy have filed no response in opposition, and the time for doing so has passed. Accordingly, the motion is ripe for review.

**BACKGROUND**

This case arises out of an automobile accident in Jacksonville, Florida, on August 31, 2018. Dkt. No. 1 at 2. Plaintiffs allege Defendant Luedke "was recklessly operating a motor vehicle and crashed into their vehicle traveling at a high rate of speed, thereby causing the vehicle which the Plaintiffs were in to be virtually destroyed." Id. Against Defendant Luedke in particular, all three Plaintiffs have asserted personal injury claims, and Plaintiffs A.M. Watts and J.T. Watts have asserted loss of consortium claims, as well. See id.

Plaintiffs initiated this lawsuit on August 30, 2022. Id. On December 12, 2022, Defendant USAA Casualty Insurance Company ("USAA") filed a partial motion to dismiss Plaintiffs' personal injury claims only, arguing the statute of limitations had run on those claims. Dkt. No. 6. The Court held a hearing on the motion on March 8, 2023. Dkt. No. 23. The Court ultimately denied Defendant USAA's motion to dismiss without prejudice, finding that more discovery was necessary to determine the nature of Plaintiffs'

2

claims against USAA, that is, whether they sound in contract or tort.  Dkt. No. 24 at 5.

Thereafter, on May 30, 2023, Defendant Luedke filed his partial motion to dismiss, arguing—like USAA had previously—that Plaintiffs' personal injury claims are due to be dismissed based on the statute of limitations.  Dkt. No. 32.  Plaintiffs have filed no opposition thereto.[1]

## LEGAL AUTHORITY

In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings, in this case the Complaint and Answer.  See Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  "The main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion."  United States v. Bahr, 275 F.R.D. 339, 340 (M.D. Ala. 2011).  Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  Mergens v. Dreyfoos, 166 F.3d 1114, 1116–17 (11th Cir. 1999).

---

[1] "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."  LR 7.5 SDGa.

In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

As an initial matter, because Defendant Luedke had already filed an answer (and, indeed, an amended answer) before filing his current motion, see dkt. nos. 11, 31, the Court construes his motion to dismiss as one for judgment on the pleadings. Bahr, 275 F.R.D. at 340.

In his motion, Defendant Luedke argues that Georgia's two-year statute of limitations for personal injury claims bars Plaintiffs' personal injury claims against him. Dkt. No. 32 at 2; see also O.C.G.A. § 9-3-33. Defendant Luedke argues that since the automobile accident at issue occurred on August 31, 2018,

4

"[t]he applicable statute of limitations for Plaintiffs' claims for bodily injury would have expired on August 31, 2020." Dkt. No. 32 at 2. He further argues that, even with the extra 170 days provided by the COVID-19 pandemic and Emergency Judicial Orders, Plaintiffs' claims for bodily injury would have run on February 17, 2021. Id. Therefore, he argues Plaintiffs' filing of their complaint on August 30, 2022 was much too late for Plaintiffs to assert personal injury claims against Defendant Luedke. See id. at 2-4. Defendant Luedke also argues that, even though the Watts Plaintiffs' loss of consortium claim enjoys a four-year statute of limitations, Plaintiffs' personal injury claims do not also enjoy a four-year statute of limitations simply by virtue of having been brought in conjunction with the loss of consortium claims. Id. at 4.

The automobile accident at issue occurred in Florida, but Plaintiffs filed this action in this federal court located in Georgia on the basis of diversity jurisdiction. Dkt. No. 1 at 2. In a diversity action, a district court applies the forum state's choice of law rules. Nguyen v. JP Morgan Chase Bank, N.A., 709 F.3d 1342, 1346 n.3 (11th Cir. 2013).

At the hearing on Defendant USAA's motion to dismiss, Plaintiffs agreed with USAA on two key issues. First, Plaintiffs agreed that Florida substantive law and Georgia procedural law govern this case. See also Auld v. Forbes, 848 S.E.2d 876, 879

5

(Ga. 2020) (recognizing that, for tort claims, Georgia courts follow "lex loci delicti," pursuant to which a tort action is governed by the substantive law of the state where the tort was committed); see also id. (noting that in Georgia courts, under "lex fori," procedural questions are governed by the law of the forum state).

Additionally, at the hearing, Plaintiffs agreed that Georgia considers statutes of limitations to be procedural. See id. ("[S]tatutes of limitations are generally procedural and are therefore governed by the 'lex fori' or the law of the forum state.").

In his motion, Defendant Luedke argues that, "[b]ecause Plaintiffs elected to file suit in this Georgia-based federal court, the Court should apply Georgia's statute of limitations for injuries to persons . . . as the standard of the forum state where it sits" to Plaintiffs' personal injury claims. Dkt. No. 32 at 3 (citing O.C.G.A. § 9-3-33).

The Court agrees.  First, Plaintiffs have filed no response to Defendant Luedke's motion, indicating their lack of opposition. More importantly, Plaintiffs conceded at the hearing on Defendant USAA's motion that Georgia procedural law governs this case, and, in Georgia, statutes of limitation are generally procedural. See Auld, 848 S.E.2d at 879.  Unlike with Plaintiffs' claims against USAA, there is no dispute that Plaintiffs' personal injury claims

6

against Defendant Luedke sound in tort, not contract. Therefore, there is no dispute that Georgia's § 9-3-33 two-year statute of limitations is applicable. Finally, Plaintiffs' personal injury claims do not enjoy an extended statute of limitations simply because they are accompanied by loss of consortium claims. Branton v. Draper Corp., 366 S.E.2d 206, 208 (Ga. Ct. App. 1988) ("A claim for loss of consortium does not extend the period during which damages may be asserted for physical injuries to the person.").

Therefore, because Plaintiffs did not file their personal injury claims against Defendant Luedke until well after the two-year statute of limitations set forth in O.C.G.A. § 9-3-33, even with the additional 170 days provided by COVID relief orders, those claims are time barred. Accordingly, Defendant Luedke's motion is **GRANTED**, and Plaintiffs' personal injury claims against him are **DISMISSED with prejudice**.

## CONCLUSION

Defendant Luedke's partial motion to dismiss, dkt. no. 32, which the Court construes as a motion for judgment on the pleadings, is **GRANTED**. Plaintiffs' personal injury claims against Defendant Luedke are **DISMISSED with prejudice**. Plaintiffs' loss of consortium claims against Defendant Luedke remain pending.

7

**SO ORDERED** this 6th day of July, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA